**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PARTY CITY HOLDCO INC., | ) ) ) | Case No. 23-90005 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 46-0539758 | ) ) | |
| In re: | ) ) | Chapter 11 |
| AMSCAN CUSTOM INJECTION MOLDING, LLC, | ) ) ) ) | Case No. 23-90015 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 47-4124238 | ) ) | |
| In re: | ) ) | Chapter 11 |
| AMSCAN INC., | ) ) ) | Case No. 23-90011 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 13-1771359 | ) ) | |
| In re: | ) ) | Chapter 11 |
| AMSCAN PURPLE SAGE, LLC, | ) ) ) | Case No. 23-90016 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 47-4653514 | ) ) | |
| In re: | ) ) | Chapter 11 |
| AM-SOURCE, LLC, | ) ) ) | Case No. 23-90013 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 05-0518427 | ) | |

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ANAGRAM EDEN PRAIRIE PROPERTY HOLDINGS LLC, | ) ) ) ) | Case No. 23-90012 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 41-1918309 | ) ) | |
| In re: | ) ) | Chapter 11 |
| PARTY CITY CORPORATION, | ) ) ) | Case No. 23-90010 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 22-3033692 | ) ) | |
| In re: | ) ) | Chapter 11 |
| PARTY CITY HOLDINGS INC., | ) ) ) | Case No. 23-90009 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 20-1033029 | ) ) | |
| In re: | ) ) | Chapter 11 |
| PARTY HORIZON INC., | ) ) ) | Case No. 23-90017 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 82-1265812 | ) ) | |
| In re: | ) ) | Chapter 11 |
| PC INTERMEDIATE HOLDINGS, INC., | ) ) ) | Case No. 23-90007 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 46-0621229 | ) | |

| | |
|---|---|
| In re: | Chapter 11 |
| PC NEXTCO FINANCE, INC., | Case No. 23-90008 (DRJ) |
| Debtor. | |
| Tax I.D. No. 46-3332091 | |
| In re: | Chapter 11 |
| PC NEXTCO HOLDINGS, LLC, | Case No. 23-90006 (DRJ) |
| Debtor. | |
| Tax I.D. No. 46-3277285 | |
| In re: | Chapter 11 |
| PRINT APPEAL, INC., | Case No. 23-90004 (DRJ) |
| Debtor. | |
| Tax I.D. No. 75-2955932 | |
| In re: | Chapter 11 |
| TRISAR, INC., | Case No. 23-90014 (DRJ) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 95-3420659 | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY
OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF
RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested.  Relief is requested not later than 3 p.m. (prevailing Central Time) on January 18, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on January 18, 2023, at 3 p.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk Street, Houston, Texas 77002.  Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility.  You may access the facility at (832) 917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Jones' conference room number is 205691.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Jones' homepage.  The meeting code is "JudgeJones".  Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Jones' homepage.  Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), (a) authorizing the Debtors to jointly administer their chapter 11 cases for procedural purposes only and (b) granting related relief.  The Debtors request that the United States Bankruptcy Court for the Southern District of Texas (the "Court") maintain one file and one docket for all of the jointly administered cases under the case of Party City Holdco Inc., and that the cases be administered under a consolidated caption, as follows:

4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>PARTY CITY HOLDCO INC., *et al.*,[1]<br><br>Debtors. | ) ) Chapter 11<br>) ) Case No. 23-90005 (DRJ)<br>) ) (Jointly Administered)<br>) |

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"). The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors, other than Party City Holdco Inc., to reflect the joint administration of these chapter 11 cases: Case No. 23-90005 (DRJ).

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Party City Holdco Inc. Case No. 23-90005, Amscan Custom Injection Molding, LLC Case No. 23-90015, Amscan Inc. Case No. 23-90011, Amscan Purple Sage, LLC Case No. 23-90016, Am-Source, LLC Case No. 23-90013, Anagram Eden Prairie Property Holdings LLC Case No. 23-90012, Party City Corporation Case No. 23-90010, Party City Holdings Inc. Case No. 23-90009, Party Horizon Inc. Case No. 23-90017, PC Intermediate Holdings, Inc. Case No. 23-90007, PC Nextco Finance, Inc. Case No. 23-90008, PC Nextco Holdings, LLC Case No. 23-90006, Print Appeal, Inc. Case No. 23-90004, and Trisar, Inc. Case No. 23-90014. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-90005 (DRJ).**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Party City Holdco Inc. (9758); Amscan Custom Injection Molding, LLC (4238); Amscan Inc. (1359); Amscan Purple Sage, LLC (3514); Am-Source, LLC (8427); Anagram Eden Prairie Property Holdings LLC (8309); Party City Corporation (3692); Party City Holdings Inc. (3029); Party Horizon Inc. (5812); PC Intermediate Holdings, Inc. (1229); PC Nextco Finance, Inc. (2091); PC Nextco Holdings, LLC (7285); Print Appeal, Inc. (5932); and Trisar, Inc. (0659). The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

5

**Jurisdiction and Venue**

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

4. Venue is proper pursuant to 28 U.S.C. § 1408.

5. The statutory bases for the relief requested herein are sections 342 and 101(2) of the Bankruptcy Code, rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1015-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

6. On the date hereof, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

7. A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Orlofsky, Chief Restructuring Officer of Party City Holdco Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated herein by reference.[2]

---

[2] Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration.

6

**Basis for Relief**

8. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors that commenced these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. *See* 11 U.S.C. § 101(2). Bankruptcy Local Rule 1015-1 provides for the joint administration of related chapter 11 cases.

9. In addition, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a). Accordingly, the Bankruptcy Rules, the Bankruptcy Code, and the Bankruptcy Local Rules authorize the Court to grant the relief requested herein.

10. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each of the Debtors. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the Office of the United States Trustee for the Southern District of Texas and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

11. Bankruptcy Rule 2002(n) provides that notices under Bankruptcy Rule 2002 shall include certain information, including, without limitation, the tax identification number of each Debtor and any other names used by the Debtor in the previous eight years. Fed. R. Bankr. P. 2002(n). All pleadings filed and each notice mailed by the Debtors will include a footnote listing of all the Debtors, the last four digits of their tax identification numbers, and the address of their

7

headquarters. Moreover, the full tax identification numbers, if applicable, and any other names used by the Debtors in the past eight years will be listed in the petitions for each Debtor, and such petitions are publicly available to all parties in interest, including on a website to be maintained by Kroll Restructuring Administration LLC, and will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) have been satisfied.

12. To the extent not satisfied or deemed satisfied, waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code or Bankruptcy Rule 2002(n) is warranted. Including the Debtors' full tax identification numbers and other identifying information on each notice and pleading would be unduly cumbersome, and may be confusing to parties in interest. More importantly, waiver of such requirement is purely procedural in nature and will not affect the rights of parties in interest, especially given that the Debtors propose to include in each pleading that they file and notice that they mail, a footnote listing all of the Debtors, the last four digits of their tax identification numbers, and the address of their headquarters.

13. Further, Bankruptcy Local Rule 1015-1 details the information a debtor must include in its request for joint administration. A motion and proposed order for joint administration must "itemize the requested relief," "be in the form published on the court's website," and "be made to the judge with the lowest case number." This motion and the Order satisfy these requirements. To the extent that this motion or the Order are deemed not to comply with such rule, the Debtors request a limited waiver.

14. For the reasons set forth above, the Debtors respectfully submit that the relief requested herein is in the best interests of the Debtors, their estates, their creditors, and other parties in interest and, therefore, should be granted.

**Emergency Consideration**

15. Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this motion. As set forth above and in the First Day Declaration, the Debtors believe an immediate and orderly transition into chapter 11 is critical to their ability to reorganize successfully, and that the immediate entry of an order providing for the joint administration of these chapter 11 cases will maximize efficiency and minimize confusion in these cases. Any delay in granting the relief requested would have the opposite effect and could cause immediate and irreparable harm. Accordingly, the Debtors respectfully request that the Court grant the requested relief on an emergency basis.

**Notice**

16. The Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) JPMorgan Chase Bank, N.A., as Prepetition ABL Agent, and counsel thereto, Simpson Thacher & Bartlett LLP, 425 Lexington Ave., New York, NY 10017; (d) counsel to the Ad Hoc Noteholder Group, Davis Polk & Wardwell LLP, 450 Lexington Ave., New York, NY 10017; (e) Ankura Trust Company, LLC, as First Lien Notes Trustee, 140 Sherman St., 4th Fl., Fairfield, CT 06824; (f) Wilmington Trust, National Association, as Unsecured Notes Trustee, 246 Goose Ln., Ste. 105, Guilford, CT 06437; (g) counsel to the Ad Hoc Group of Anagram Noteholders, Milbank LLP, 55 Hudson Yards, New York, NY 10001; (h) Ankura Trust Company, LLC, as agent under the DIP Facility, 140 Sherman St., 4th Fl., Fairfield, CT 06824, and counsel thereto, Chapman and Cutler LLP, 1270 Avenue of the Americas, New York, NY 10020; (i) the United States Attorney's Office for the Southern District of Texas; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the state attorneys general for states in which the Debtors conduct

business; (m) other regulatory agencies having a regulatory or statutory interest in these cases; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other and further relief as the Court may deem appropriate under the circumstances.

January 17, 2023

Respectfully submitted,

By: */s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (pending *pro hac vice*)
Kenneth S. Ziman (pending *pro hac vice*)
Michael M. Turkel (pending *pro hac vice*)
Grace C. Hotz (pending *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
pbasta@paulweiss.com
kziman@paulweiss.com
mturkel@paulweiss.com
ghotz@paulweiss.com

*Proposed Counsel to the Debtors and the Debtors in Possession*

**Certificate of Accuracy**

   I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief. This statement is made pursuant to Bankruptcy Local Rule 9013-1(i).

                    */s/ John F. Higgins*
                    John F. Higgins

**Certificate of Service**

   I certify that on January 17, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                    */s/ John F. Higgins*
                    John F. Higgins